

## IN THE SUPERIOR COURT OF GUAM:

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0670-18 |
| vs. | DECISION AND ORDER<br>(Motion for Release) |
| Cynthia Leon Guerrero Paulino,<br>DOB: 01/10/1974<br>Defendant. | |

### Introduction

This matter came before the Honorable Anita A. Sukola on Defendant Cynthia Leon Guerrero Paulino's ("Defendant") Motion for Release on Own Recognizance. Defendant is represented by Attorney Samuel Teker. The People of Guam are represented by Assistant Attorney General Jeremy Kemper. A Motion Hearing was held on March 14, 2019. Having reviewed the parties' arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion. The Court issues this Decision and Order to memorialize its ruling and in compliance with 8 Guam Code Annotated ("GCA") § 40.50.

### Background

Defendant is charged with one count each of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony), POSSESSION OF A SCHEDULE I CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony), POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony) and POSSESSION OF A SCHEDULE I CONTROLLED SUBSTANCE (As a Petty Misdemeanor). Indictment (Nov. 13, 2018). A Commitment Order was entered on November 6, 2018, confining Defendant subject to the posting of cash bail in the amount of $15,000.00. Commitment Order (Nov. 6, 2018).

### Discussion

Section 40.50 of Title 8 of the Guam Code states, "A person for whom conditions of release are imposed pursuant to this Chapter, and who after twenty-four (24) hours from the

*People v. Paulino*; CF0670-18
D&O Denying Defendant's Motion for Release

time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA §40.50.

Section 40.10 of the Guam Code provides that "every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." Id. § 40.10. Section 40.15 (b) requires, "The judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). *Id.* § 40.15(b). The law identities several factors in making such a determination, which include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (A) length of his/her residence on Guam;
    (B) his/her employment status and history, and financial condition;
    (C) his/her family ties and relationships;
    (D) his/her reputation, character, and mental and physical condition;
    (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his/her history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
    (H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

*Id.* 40.15(c). If a Court finds that a defendant is not suitable for release, it is to impose the least onerous of the following conditions of release:

(a) placement of the person in the custody of a designated person or organization

agreeing to supervise him/her and to assist him/her in appearing in court;

(b) placement of restrictions on the activities, movements, associations, and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he/she return to custody at specified times

*Id.* §40.20

Defendant concedes that the likelihood of conviction is very high. Mot. for Release at 3 (Mar. 12, 2019). Defendant states that she is a lifelong resident of Guam and has a large family living here. Id. She additionally argues that she has no passport or assets and is therefore not a flight risk. Id. She requests to be released on her own recognizance so that she may spend some quality time with her daughter who will be enlisting in the Air Force soon. Id.

The Court notes that Defendant was on parole when she was arrested in this case, raising questions of whether Defendant will obey any conditions of release the Court may now require. The Court is further concerned by the large amount of drugs seized in this case. While Defendant states that she will stay with her mother if released, no approved third-party custodian has been provided. Despite the fact that the Court does not consider Defendant to be a flight risk, the Court nonetheless finds release on personal recognizance to be inappropriate at this time.

## Conclusion

For the reasons stated above, the Court hereby DENIES Defendant's Motion for Release.

**SO ORDERED** this _____ 4/23/19 _____, *nunc pro tunc* March 14, 2019.

SERVICE VIA COURT BOX
I ackn_ _____ : , or the
original he, _ced in the
court box c.:
_PK. S·Teller_

Date: 4/23/19 — PK

**Rosalind C. Balajadia**

De, .ty Clerk, Super.or .......
*People v. Paulino; CF0570-18*
D&O Denying Defendant's Motion for Release

**HONORABLE ANITA A. SUKOLA**
**Judge, Superior Court of Guam**

Page 3 of 3